Jewell B. **RAIFORD** et al., Plaintiffs-Appellants,

v.

Preston P. **DILLON** et al., Defendants-Appellees.

No. 27937.

United States Court of Appeals, Fifth Circuit.

July 24, 1970.

Robert B. Fitzpatrick, Washington, D. C., L. A. Aschenbrenner, Jackson, Miss., for plaintiffs-appellants.

Breed O. Mounger, Tylertown, Miss., Will S. Wells, Jackson, Miss., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and AINSWORTH and GOD-BOLD, Circuit Judges.

GODBOLD, Circuit Judge:

This is a class action in which the plaintiffs, Negro residents of Walthall County, Mississippi, claim that Negroes are systematically excluded from jury service in that county. The District Court, in an opinion reported at 297 F. Supp. 1307 (S.D.Miss.1969) denied in-

junctive relief and dismissed the complaint.[1]

Prior to 1965 Negroes were totally excluded from the Walthall County jury list. The 1966 and 1967 master jury lists contained, respectively, 10% and 14% black names. This suit was filed in April, 1968. However, in January, 1968 three newly elected members were seated on the five-man Board of Supervisors, which is charged with the statutory duty of providing the master jury list.

The first meeting of the Board was in April, to prepare a master list for use for the next twelve months. It is agreed that the Board employed random selection of names from the poll list and the land assessment rolls. Later in 1968, by act of the legislature of Mississippi,[2] women were made eligible for jury service. The Board met again, in December, emptied the jury wheel and prepared a new master list, again by random selection from the same two sources.

In 1968 the Board of Supervisors entered on its minutes an order declaring that it was adopting a random selection method "to assure that the list would fairly contain an adequate cross-section and a fair sample of the entire community and * * * to provide a system of selection that would not result in the failure to include any group or class of qualified citizens."

The poll books are not attacked as contaminated. The one live witness, a statistician, made calculations for plaintiffs on the postulate that the land rolls are composed of 18% blacks and 82% whites, but the postulated figures were unproven estimates. In Roach v. Mauldin, 391 F.2d 907 (5th Cir.1968), we considered the use of tax digests by Georgia and noted that "in the absence of racial considerations the use of tax digests, which necessarily exclude nonproperty owners seems to have been set-

tled as not prima facie unconstitutional." Id. at 908.

The case was tried in March, 1969. The court noted that registration of Negro voters in the county had steadily increased since implementation of the Voting Rights Act of 1965.

Thus we have a case in which, in spite of previous flagrant purposeful discrimination, the responsible officers are employing random selection procedures which facially are non-discriminatory and appear to be consistent with principles of random selection that we have articulated in many instances. The only real attack is a statistical one, directed at the consequences of the random selection, by statistics which are neither sufficiently reliable nor sufficiently up to date to be the basis of judicial action. The census figures employed were nine years old. The District Court noted that Negro voter registrations were constantly increasing. As already noted, the theory of Negro underrepresentation on the land rolls was based on estimates.

■■ We cannot say that the District Judge abused his discretion in denying an injunction or erred, on what was before him, in finding no purposeful discrimination. However, bearing in mind the past history of exclusion of Negroes from the jury rolls, the fact that the two 1968 lists were prepared after this suit was filed, the pendency of a new census, and the right of the District Court to base its conclusion on fresh and meaningful data if available and presented to it, we vacate the judgment of the District Court and remand for further hearing on an up-to-date record. The District Court shall require the defendants to bring the record up to date and shall consider anew the full spectrum of plaintiffs' allegations of racial exclusion on that fresh record, to include careful consideration of the extent, if any, to which the exclusion of nonproperty owners by use of the land rolls

---

1. We consider this case together with, and decide it concurrently with, Ford v. White, 430 F.2d 951 [5th Cir., 1970], which was tried in the same District Court.

2. Miss.Laws, Chap. 335, Reg.Session 1968.

distorts or otherwise adversely affects the master jury list. See Ford v. White, 430 F.2d 951 [5th Cir.1970] decided by us this date.

Vacated and remanded. Costs are taxed against the defendants.