John C. McGHEE et al.,
Plaintiffs-Appellants,

v.

Clyde KING et al., etc.,
Defendants-Appellees.

No. 74–1990.

United States Court of Appeals,
Fifth Circuit.

Sept. 8, 1975.

Kent Spriggs, Tallahassee, Fla., Laughlin McDonald, Atlanta, Ga., Emily Carssow, Athens, Ga., for plaintiffs-appellants.

Ernest M. Page, Jr., Madison, Fla., for defendants-appellees.

Before AINSWORTH, GODBOLD and SIMPSON, Circuit Judges.

GODBOLD, Circuit Judge:

This case concerns exclusion of blacks and women from juries in Madison County, Florida. The applicable Florida statute, § 40.01,[1] requires selection of jurors from voter registration lists. Paragraph (2) thereof provides for exclusions based on certain objective criteria and paragraph (3) provides for subjectively-based exclusions. Plaintiffs contend that blacks and women were unconstitutionally excluded from jury venires selected pursuant to this Florida statute.

The District Judge recognized the existence of pre-1972 statistical disparity between the percentage of blacks and women on jury venires versus blacks and women in the population and on voter lists. He found, however, that there was "no compelling evidence" that the discrepancy was the result of systematic discrimination and found that the jury commissioners had no intent to discriminate. These were erroneous legal standards.

In order to establish a prima facie case of systematic exclusion of blacks from grand and petit juries these plaintiffs have a twofold burden. First they must make "a showing of marked disparity between the percentage of Negroes among persons putatively qualified to serve as jurors and the percentage of Negroes actually on the jury lists in the case in question." *Singleton v. Estelle,* 492 F.2d 671, 677 (CA5, 1974). *See Alexander v. Louisiana,* 405 U.S. 625, 630, 92 S.Ct. 1221, 31 L.Ed.2d 536, 541–42 (1972); *Turner v. Fouche,* 396 U.S. 346, 360, 90 S.Ct. 532, 24 L.Ed.2d 567, 579 (1970). Second, plaintiffs must demonstrate that "the discriminatory result in the jury list accompanied a system of jury selection permitting possible racial identification of potential jurors at any stage in the process of selection of the jury list."[2] *Singleton, supra,* at 677. *See Alexander, supra,* 405 U.S. at 630–31, 92 S.Ct. 1221, 31 L.Ed.2d at 542; *Turner, supra,* 396 U.S. at 360, 90 S.Ct. 532, 24 L.Ed.2d at 579; *Wright v. Smith,* 474 F.2d 349, 351 (CA5), *cert. denied,* 414 U.S. 853, 94 S.Ct. 149, 38 L.Ed.2d 102 (1973). No discriminatory intent need be demonstrated and the jury commissioners' good faith is of no relevance. *Alexander, supra,* 405 U.S. at 632, 92 S.Ct. 1221, 31 L.Ed.2d at 543; *Black v. Curb,* 464 F.2d 165, 169 (CA5, 1972); *Salary v. Wilson,* 415 F.2d 467, 472 (CA5, 1969). Once a prima facie

---

1. § 40.01 provides:

    "(1) Grand and petit jurors shall be taken from the male and female persons over the age of twenty-one years, who are citizens of this state and who have resided in this state for one year and in their respective counties for six months and who are fully qualified electors of their respective counties; provided, however, that expectant mothers and mothers with children under eighteen years of age, upon their request, shall be exempted from grand and petit jury duty.
    "(2) No person who shall have been convicted of bribery, forgery, perjury, or larceny within this state or under the laws of any other state, government or country, or who shall have been convicted within this state of a felony, or under the laws of any other state, government or country of a crime which, if committed within this state, would be a felony, shall be qualified to serve as a juror unless restored to civil rights.
    "(3) In the selection of jury lists only such persons as the selecting officers know, or have reason to believe, are law abiding citizens of approved integrity, good character, sound judgment and intelligence, and who are not physically or mentally infirm, shall be selected for jury duty."

2. This second burden may also be discharged "by showing that the discriminatory result in the jury list in a particular case was representative of the results obtained in a history of cases in the particular jurisdiction in which the trial occurred." *Singleton, supra,* at 677.

case has been established, the selecting officials have the burden of showing that permissible racially neutral selection criteria have produced the result. *Alexander, supra,* 405 U.S. at 631–32, 92 S.Ct. 1221, 31 L.Ed.2d at 542; *Turner, supra,* 396 U.S. at 360–61, 90 S.Ct. 532, 24 L.Ed.2d at 579; *Singleton, supra,* at 677.

The findings of the District Judge do not address themselves to these respective burdens. The case must therefore be remanded for proper findings. We note that evidence submitted by plaintiffs tends to show substantial changes in the statistical makeup for the 1972–73 period. Blacks, who comprise approximately 30% of the voters in Madison County, composed approximately 15% of the jurors in the period 1967–71 but approximately 25% of the jurors in the period 1972–73. Similarly, women, who compose approximately 53% of the voters in Madison County, never constituted more than 28% of the jurors in the period of 1967–71 but constituted approximately 48% of the jurors in the period 1972–73. In view of these significant changes the court on remand should require the defendants to bring the record up to date, *see Raiford v. Dillon,* 430 F.2d 949 (CA5, 1970); *Ford v. White,* 430 F.2d 951 (CA5, 1970), and findings should be made based on that fresh record. The District Court on remand should of course determine whether an injunction is appropriate based on all the facts and circumstances of this case. An injunction may be warranted despite a finding that the updated percentages comply with constitutional standards. *See United States v. W. T. Grant Co.,* 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); *Pullum v. Greene,* 396 F.2d 251 (CA5, 1968).

The Supreme Court has not addressed itself to the precise question of whether the allocation of burdens established for cases of racial discrimination in jury selection applies to cases of jury discrimination on the basis of sex. *See Penn v. Eubanks,* 360 F.Supp. 699, 703 (M.D.Ala., 1973); *Quadra v. Superior Court of the*

*City and County of San Francisco,* 378 F.Supp. 605 (N.D.Cal., 1974). *Compare Taylor v. State of Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), and *Alexander, supra,* 405 U.S. at 633–34, 92 S.Ct. 1221, 31 L.Ed.2d at 544–45. In view of this, and of the possibility that the discrimination against women alleged to exist in this case may prove to be presently nonexistent, we pretermit consideration of this issue.

Reversed and remanded.